IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUL FELD and ADA FELD, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL NO. 4:12-CV-01492 |
| | : | |
| PRIMUS TECHNOLOGIES CORPORATION and VINCE KLARSCH, | : | (Judge Brann) |
| | : | |
| Defendants | : | |

**MEMORANDUM**
April 28, 2015

Currently pending before the Court are two motions *in limine* filed by the Defendants. (ECF Nos. 68, 70). Defendants' first motion *in limine* seeks to preclude Plaintiffs from introducing "any evidence or testimony that Defendant, Vince Klarsch, was negligent in the operation of the forklift, at trial." (ECF No. 68). The second motion *in limine* seeks to preclude "testimony of Plaintiff, Shaul Feld, regarding the proper and/or improper operation of forklifts." (ECF No. 70). Briefing has concluded and these motions are now ripe for disposition. For the following reasons, Defendants' motion *in limine* to preclude Mr. Feld from testifying as to the proper and/or improper operation of a forklift is granted. Defendants' motion *in limine* to preclude the introduction of any evidence or testimony that Mr. Klarsch was negligent in operating the forklift is denied.

## I. BACKGROUND

On July 31, 2012, Plaintiffs Shaul Feld and Ada Feld (collectively "the Felds") filed a Complaint against Defendant Primus Technologies Corporation ("Primus") and John Doe. (ECF No. 1). This Complaint was subsequently amended on February 6, 2014 to name Defendant Vince Klarsch. (ECF No. 42). The Felds allege negligence and loss of consortium against both defendants. Id.

On June 9, 2011, Mr. Feld was working as an employee of Orbotech, Inc. and was present at Primus' facility for the installation of a Sprint 100 industrial printing machine. Id. at ¶ 9. Mr. Klarsch, while acting within the course and scope of his employment, utilized a forklift to move the Sprint 100 to its installation location. Id. at ¶ 12. The Felds allege that Primus failed to adequately train its employees in the proper use and operation of forklifts. Id. at ¶ 22. Mr. Klarsch allegedly did not place the forklift forks completely under the Sprint 100 and, as a result, the Sprint 100 began falling toward Mr. Feld. Id. at ¶ 15. This resulted in "severe and permanent injury" to Mr. Feld. Id. at ¶ 16.

## II. LEGAL STANDARD

A motion *in limine* is filed prior to trial and requests that the judge rule the admissibility of certain at trial. See Leonard v. Stemtech Health Sciences, Inc., 981 F.Supp.2d 273, 276 (D.Del. 2013) (citing Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co., No. 2:10-cv-199, 2012 WL 1458209, at * 1 (W.D.Pa. Apr. 27,

2012); Bradley v. Pgh Bd. Of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). Evidence should only be excluded on a motion *in limine* if it is clearly inadmissible on all potential grounds. Id.  The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds.  Id.

**III. DISCUSSION**

In diversity actions, the admissibility of evidence is generally governed by the Federal Rules of Evidence rather than state evidentiary rules.  See, Joy Mfg. Co. v. Sola Basic Indus., Inc., 697 F.2d 104, 110 (3d Cir. 1982) ("[i]n diversity cases, the admissibility of nonexpert opinion testimony is governed by the Federal Rules of Evidence"); Haddigan v. Harkins, 441 F.2d 844, 851 (3d Cir. 1970) ("admission of . . . expert testimony . . . presents only an evidentiary question . . . [t]hus, we need not concern ourselves with how a Pennsylvania court would rule, but can look to federal authorities favoring admissibility"); Rolick v. Collins Pine Co., 975 F.2d 1009, 1013 (3d Cir. 1992) ("Since the question involves the admission of evidence in a federal court, the Federal Rules of Evidence control").

The Federal Rules of Evidence provide that

> If [a] witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Fed. R. Evid. 701. In recent years, the United States Court of Appeals for the Third Circuit has expanded its jurisprudence to permit lay persons to express opinions "which approach the ambit of Rule 702 expert opinion." Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g, 57 F.3d 1190, 1198 (3d Cir. 1995).

Thus, the Third Circuit has concluded that "a lay witness with first-hand knowledge *can* offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion." Id. at 1201-02 (emphasis in original). However, the Court explained that

> the admissibility of opinion evidence under the strictures of Rule 701 is not without limit. Rule 701's requirement that the opinion be "rationally based on the perception of the witness" demands more than that the witness have perceived something firsthand; rather, it requires that the witness's perception provide a truly rational basis for his or her opinion. Similarly, the second requirement—that the opinion be "helpful to a clear understanding of the witness's testimony or the determination of a fact in issue" - demands more than that the opinion have a bearing on the issues in the case; in order to be "helpful," an opinion must be reasonably reliable. In other words, Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in *experience or specialized knowledge* for arriving at the opinion that he or she expresses.

Id. at 1201 (emphasis in original).

Turning to Defendants' motions, it is apparent that the proper or improper operation of a forklift is outside the ken of the average layperson. In that regard,

4

the Occupational Safety and Health Administration ("OSHA") classifies a forklift as a powered industrial truck, and has promulgated rules regarding the training necessary for an employee to operate a forklift. See generally, 29 C.F.R. § 1910.178. In 1998, OSHA modified its training requirement "to improve the training of [forklift] operators" with the express intention of reducing "the number of injuries and deaths that occur as a result of inadequate operator training." Powered Industrial Truck Operator Training; Final Rule, 63 Fed. Reg. 66237-66274 (Dec. 1, 1998). This training mandates that an operator be trained on, *inter alia*: operating instructions, warnings, and precautions; differences between forklifts and automobiles; fork operation and use limitations; and operating limitations. 29 C.F.R. § 1910.178 (l)(3)(i).

These mandates are indicative of the unique nature of forklifts and other industrial trucks. Forklifts are complex pieces of machinery whose operation differs from other machines that laypeople may be familiar with, such as motor vehicles. See, Bibbs v. Se. Pa. Transp. Auth., No. 2333 C.D. 2009, 2012 WL 8704635, at *3 (Pa. Commw. Ct. Apr. 13, 2012) ("a forklift is a highly specialized piece of machinery, the operation of which the average person is not familiar"). This conclusion comports with Mr. Feld's own understanding of the unique nature of forklifts. In a previous deposition, Mr. Feld was asked "[a]re you qualified to

discuss the proper operation of a forklift?" (ECF No. 57, p. 6). In response, Mr. Feld stated: "I don't think so. I was never trained to drive a forklift." Id.

Consequently, some specialized training or experience is required before an individual may testify as to the proper or improper operation of a forklift. Mr. Feld plainly does not possess the experience necessary to give such testimony.[1] Therefore, the Court will grant Defendants' motion *in limine* to preclude Mr. Feld from offering testimony as to the proper and/or improper operation of a forklift. It bears emphasizing that Mr. Feld may still testify to what he personally witnessed or observed on the day he was present at Primus' facility. He is only precluded from testifying as to whether those observations are in accordance with the proper operation of a forklift.

However, Defendants' attempt to exclude any evidence or testimony that Mr. Klarsch was negligent is far too broad. While the Court agrees that Mr. Feld is not capable of offering testimony as to the proper operation of a forklift, there is potentially admissible evidence that could demonstrate Mr. Klarsch was negligent in the operation of the forklift.

---

[1] Mr. Feld previously testified that he could not recall ever witnessing a machine being moved on a forklift from a delivery truck to its ultimate destination. (ECF No. 57, p. 6). Mr. Feld stressed that he had not "seen enough forklifts and enough of [his] machinery on forklifts to be comfortable around forklifts." Id. Mr. Feld further stated that he did not feel qualified to discuss the proper operation of a forklift. Id. In their counter-statement of undisputed materials facts, Plaintiffs asserted that Mr. Feld's "purpose at Primus was not to supervise the movement of the machine; rather he was 'only supposed to install the machine.'" (ECF No. 52, p. 3). Those facts establish that Mr. Feld possesses neither the training nor the experience necessary to testify as to the proper operation of a forklift.

Mr. Feld is capable of testifying to what he personally witnessed on the day of the alleged accident, including his observation that the forklift forks were not placed entirely under the Sprint 100 machine.  See (ECF No. 79, Ex. C, 62:13-16).  Furthermore, Mr. Klarsch has the requisite training and expertise to testify to the proper or improper operation of a forklift.  See (ECF No. 86, Ex. E).  The fact that Plaintiffs' intend to call Mr. Klarsch as a lay witness rather than an expert witness is of no import; he may testify to the proper operation of a forklift. Asplundh, 57 F.3d at 1201-02.  Thus, Plaintiffs may properly place before the jury questions regarding whether Mr. Klarsch was negligent in the operation of the forklift.  For that reason, Defendants' motion *in limine* to exclude such evidence is denied.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion *in limine* to preclude Mr. Feld from testifying as to the proper and/or improper operation of a forklift is granted.  Because potentially admissible evidence exists that could establish Mr. Klarsch was negligent in the operation of the forklift, Defendants' motion *in limine* to preclude Plaintiffs' from introducing such evidence is denied.

BY THE COURT

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge