IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAUL FELD and ADA FELD,          :
                                  :
        Plaintiffs                :
                                  :
    v.                            :        CIVIL NO. 4:12-CV-01492
                                  :
PRIMUS TECHNOLOGIES               :        (Judge Brann)
CORPORATION and                   :
VINCE KLARSCH,                    :
                                  :
        Defendants                :

**MEMORANDUM**
April 28, 2015

Currently pending before the Court is Plaintiffs' Motion to Preclude

Defendants' Use of Worker's Compensation Defense Medical Examination

Reports at Trial (ECF No. 87).  Briefing has concluded and the motion is now ripe

for disposition.  For the reasons set forth below, the motion is denied.

## I.    **Background**

On July 31, 2012, Plaintiffs Shaul Feld and Ada Feld (collectively "the

Felds") filed a Complaint against Defendant Primus Technologies Corporation

("Primus") and John Doe.  (ECF No. 1).  This Complaint was subsequently

amended on February 6, 2014 to name Defendant Vince Klarsch.  (ECF No. 42).

The Felds allege negligence and loss of consortium against both defendants.  Id.

On June 9, 2011, Mr. Feld was working as an employee of Orbotech, Inc. and was present at Primus' facility for the installation of a Sprint 100 industrial printing machine.  Id. at ¶ 9.  Mr. Klarsch, while acting within the course and scope of his employment, utilized a forklift to move the Sprint 100 to its installation location.  Id. at ¶ 12.  The Felds allege that Primus failed to adequately train its employees in the proper use and operation of forklifts.  Id. at ¶ 22.  Mr. Klarsch allegedly did not place the forklift forks completely under the Sprint 100 and, as a result, the Sprint 100 began falling toward Mr. Feld.  Id. at ¶ 15.  This resulted in "severe and permanent injury" to Mr. Feld.  Id. at ¶ 16.  Thereafter

> As a result of his injuries, which occurred during the course of his employment with Orbotech, Inc., Mr. Feld filed a Workers' Compensation claim in Massachusetts. In connection with his claim, Orbotech, Inc.'s insurance company, Chubb Group of Insurance Companies, had doctors retained for the purposes only of the Workers' Compensation litigation, perform three separate Defense Medical Examinations of Shaul Feld. On December 13, 2011, William C. Donahue, M.D. examined Mr. Feld. On June 13, 2012, Frederick L. Mansfield examined Mr. Feld. Finally, on May 13, 2013, Robert L. Smith examined Mr. Feld. None of these examinations were for the purposes of medical care, treatment, or consultation of Plaintiff's injuries. Each doctor submitted a report to Chubb Group of Insurance Companies for their use in defense of Mr. Feld's Workers' Compensation claims.

(ECF No. 87, p. 2).

## II.  Discussion

The Felds seek to preclude Defendants "from offering any testimony or evidence at trial in this matter regarding, adopting, relying upon, or otherwise

referring to" any of the independent medical examinations ("IMEs") conducted by

Dr. Donahue, Dr. Mansfield, or Dr. Smith.  (ECF No. 87).  Specifically, the Felds

contend that the IMEs do not constitute medical records, but rather are paid

opinions that are inherently biased.  Id. at 4.  They further argue that using the

IMEs is an improper attempt to introduce hearsay into evidence.  Id. at 5.  In turn,

Defendants argue that the IMEs constitute facts that a medical expert would

reasonably rely on, and therefore the expert witness should be allowed to use them.

(ECF No. 85).

Federal Rule of Evidence 703 directs what information an expert witness

may base his or her testimony on.  See, Fed. R. Evid. 703.  This rule provides that

> An expert may base an opinion on facts or data in the case that the
> expert has been made aware of or personally observed. If experts in
> the particular field would reasonably rely on those kinds of facts or
> data in forming an opinion on the subject, they need not be admissible
> for the opinion to be admitted. But if the facts or data would otherwise
> be inadmissible, the proponent of the opinion may disclose them to
> the jury only if their probative value in helping the jury evaluate the
> opinion substantially outweighs their prejudicial effect.

Id.  Therefore, so long as an IME is the type of evidence that a doctor would

reasonably rely on, Defendants' expert is not precluded from relying on those

reports.

It is clear that medical professionals often rely on the reports created by

other doctors.  See, e.g., In re Paroli R.R. Yard PCD Litig., 35 F.3d 717 (3d Cir.

1994) (concluding that physicians generally should consult a patient's medical

records, including examinations performed by other physicians); <u>Walker v. Soo Line R. Co.</u>, 208 F.3d 581, 588 (7th Cir. 2000) ("Medical professionals have long been expected to rely on the opinions of other medical professional in forming their opinions"); <u>Henderson v. Goodyear Dunlop Tires N. Am., Ltd.</u>, No. 3:11-cv-295-WKW, 2013 WL 5729377, at *5 (M.D. Ala. Oct. 22, 2013) (holding that medical doctors reasonably rely on the opinions of other medical doctors in forming opinions).

Furthermore, the advisory committee notes for Rule 703 specifically contemplated experts relying on

> reports and opinions from nurses, technicians, and other doctors, hospital records, and X rays. Most of them are admissible in evidence, but only with the expenditure of substantial time in producing and examining various authenticating witnesses. The physician makes life-and-death decision in reliance upon them. His validation, expertly performed and subject to cross-examination, ought to suffice for judicial purposes.

Fed. R. Evid. 703 Advisory Committee's Notes.

Consequently, Defendants' expert may rely upon the IMEs in formulating an opinion.  However, simply because the expert may rely upon the IMEs does not mean that the contents of the IMEs may be admitted.  To the extent that the reports contain inadmissible hearsay, such hearsay may not be admitted for substantive purposes.  <u>E.g.</u>, <u>State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.</u>, No. 6:06-cv-1757-Orl-GJK, 2009 WL 6357793, at *21 (M.D. Fla. Jan. 9, 2009).

Should Defendants seek to introduce the contents of the IMEs for non-substantive purposes, they will bear the burden of demonstrating that the probative value of the IMEs will outweigh their prejudicial effect.  Fed. R. Evid. 703.

## IV.    Conclusion

IMEs are the type of facts that a medical doctor would reasonably rely on in forming an opinion and, consequently, the Defendants' expert witness may rely upon IMEs in formulating an opinion.  However, to the extent that the IMEs contain inadmissible hearsay, the contents may not be discussed for substantive purposes.

A separate Order will issue.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge