IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUL FELD and ADA FELD,<br><br>Plaintiffs<br><br>v.<br><br>PRIMUS TECHNOLOGIES CORPORATION and VINCE KLARSCH,<br><br>Defendants | : | CIVIL NO. 4:12-CV-01492<br><br>(Judge Brann) |

**MEMORANDUM**
May 15, 2015

Currently pending before the Court is Plaintiffs' Motion to Preclude Defendants' Use of Plaintiff's Motions, Briefs, and/or Memoranda at Trial. (ECF No. 114). For the reasons set forth below, the Motion is granted in part and denied in part.

## I. Background

On July 31, 2012, Plaintiffs Shaul Feld and Ada Feld (collectively "the Felds") filed a Complaint against Defendant Primus Technologies Corporation ("Primus") and John Doe. (ECF No. 1). This Complaint was subsequently amended on February 6, 2014 to name Defendant Vince Klarsch. (ECF No. 42). The Felds allege negligence and loss of consortium against both defendants. Id.

On June 9, 2011, Mr. Feld was working as an employee of Orbotech, Inc. and was present at Primus' facility for the installation of a Sprint 100 industrial printing machine. Id. at ¶ 9. Mr. Klarsch, while acting within the course and scope of his employment, utilized a forklift to move the Sprint 100 to its installation location. Id. at ¶ 12. The Felds allege that Primus failed to adequately train its employees in the proper use and operation of forklifts. Id. at ¶ 22. Mr. Klarsch allegedly did not place the forklift forks completely under the Sprint 100 and, as a result, the Sprint 100 began falling toward Mr. Feld. Id. at ¶ 15. This resulted in "severe and permanent injury" to Mr. Feld. Id. at ¶ 16.

During a conference call with the parties on May 11, 2015, counsel for the Defendants orally represented that they intended to introduce as trial exhibits certain Memoranda filed by Plaintiffs' counsel in this case. Plaintiffs have objected, arguing that: (1) the Memoranda filed by Plaintiffs' counsel do not constitute judicial admissions, and (2) the Memoranda should be excluded on the grounds that they would be "unfairly prejudicial, misleading, and cumulative[.]" (ECF No. 115).

## II. Discussion

Judicial admissions "are admissions in pleadings, stipulations, etc. and which do not have to be proven in the same litigation." Giannone v. U.S. Steel Corp., 238 F.2d 544, 547 (3d Cir. 1956) (citing Wigmore On Evidence §§ 1058,

2588 et seq. (3d ed. 1940); McCormick On Evidence, §§ 239, 242 (1954)). "The scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof, and does not include counsel's statement of his conception of the legal theory of a case." Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972). As a general matter, "admissions not made on the record during the course of trial, nor included in a pleading are not judicial admissions." City of Philadelphia v. Pub. Employees Ben. Servs. Corp., 842 F. Supp. 827, 831 (E.D. Pa. 1994) (citing Taylor v. Allis–Chalmers Mfg. Co., 320 F.Supp. 1381, 1385 (E.D. Pa. 1969), aff'd, 436 F.2d 416 (3d Cir. 1970)).

It is clear from the law in this Circuit that Defendants may not introduce Plaintiffs' pre-trial Memoranda or other filings for the purpose of judicial admissions. Other than pleadings and stipulations, none of the assertions made in the Memoranda have binding effect on the Plaintiffs. To the extent that Plaintiffs seek to deny binding effect to statements contained within the documents, the Motion is granted. However, this does not mean that the Memoranda cannot be introduced for evidentiary purposes.

Federal Rules of Evidence Rule 801(d)(2)(D) provides that a statement is not hearsay if it is offered against a party and "made by a party's agent or employee on a matter within the scope of that relationship and while it existed." The United States Court of Appeals for the Third Circuit has previously held that statements

made by counsel may be admitted as evidence if the statements were made within the scope of the attorney's authority. United States v. Catena, 500 F.2d 1319, 1327 (3d Cir. 1974). See also, United States v. McKeon, 738 F.2d 26, 30 (2d Cir. 1984) ("We begin with the general proposition that '[s]tatements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney'") (quoting United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981)).

Thus, the Third Circuit has previously held that a District Court may admit "previous statements made by counsel, which ha[ve] been made on the record in the course of pretrial proceedings[.]" United States v. Butler, 496 F.App'x 158, 160-61 (3d Cir. 2012). As noted in McCormick's On Evidence,

> The issue is . . . whether the attorney's extrajudicial statement is admissible against the client as a mere evidentiary admission made by an agent.
>
> . . . More recent cases generally measure the authority of the attorney to make out-of-court admissions by the same tests of express or implied authority as would be applied to other agents, and when they meet these tests, admit them as evidentiary admissions. These admissions occur, for example, in letters or oral conversations made in the course of efforts for the collection or resistance of claims, or settlement negotiations, or the management of any other business on behalf of the client

2 McCormick On Evid. § 259 (7th ed.).

Here, Plaintiffs' counsel was clearly acting within the scope of her authority when she submitted the Memoranda to this Court. For that reason, the documents

are admissible for evidentiary purposes as party admissions. Fed. R. Evid. 801(d)(2)(D). Furthermore, the Memoranda are not misleading to the jury or otherwise excludable under Rule 403. The testimony of counsel would not be required for the purposes of clarity. If asked about the contents of the Memoranda, Plaintiffs would be more than able to clarify that they did not draft the documents, and unless they were directly quoted, the language used was not their own. However, Plaintiffs' have leave to reassert this objection at the time of trial should they feel the use of the documents has become misleading or unduly prejudicial.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Preclude Defendants' Use of Plaintiff's Motions, Briefs, and/or Memoranda at Trial (ECF No. 114) is granted in part and denied in part.

A separate Order will issue.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge